IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MARCUS GLOVER,

    Petitioner,
v.                                                      CASE NO. 1:10-cv-0007-MP-AK

WALTER A. McNEIL,

    Respondent.
_____/

## O R D E R

This matter is before the Court on Doc. 1, Petition for Writ of Habeas Corpus, and Doc. 2, Petitioner's motion to hold the Petition in abeyance pending exhaustion of state remedies. Petitioner has not paid the $5.00 filing fee or filed a motion for leave to proceed *in forma pauperis*. Therefore, consideration of the petition and the motion will be deferred until payment is received or IFP is granted.

Accordingly, it is ORDERED:

That the Clerk shall forward to Petitioner an application for leave to proceed *in forma pauperis*;

That Petitioner shall have until **February 25, 2010**, to either file an application for leave to proceed *in forma pauperis* or pay the $5.00 filing fee;

**That failure to respond to this order as instructed will result in a recommendation of dismissal of this action for failure to prosecute and failure to**

**comply with an order of this court.**[1]

     **DONE AND ORDERED** this **26th** day of January, 2010.

                            *s/ A. KORNBLUM*
                            **ALLAN KORNBLUM**
                            **UNITED STATES MAGISTRATE JUDGE**

---

[1] Petitioner should note that if he fails to respond to this Order and this case is dismissed, any subsequently-filed habeas petition in this Court challenging the same conviction may be barred by the one-year limitation period for filing a habeas petition in the federal courts. See 28 U.S.C. § 2244(d)(1). Although the one-year period of limitation is tolled during the time in which a properly filed application for state post- conviction relief is pending, see Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)), the time in which a federal habeas petition is pending does not toll the one-year limitation period. See Duncan v. Walker, 533 U.S. 167 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).

*Case No: 1:10-cv-7-MP-AK*