IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MARCUS GLOVER,

    Petitioner,

v.                                                      CASE NO. 1:10-cv-07-MP-GRJ

SECRETARY, DEPT.
OF CORRECTIONS

    Respondent.

_____/

## REPORT AND RECOMMENDATION

      This case is before the Court on Doc. 1, Petitioner's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and Doc. 13, Respondent's response. Petitioner was afforded an extension of time to file a reply (Doc. 18) but did not do so. The Petition stems from Petitioner's *nolo contendre* plea to 13 drug-related charges. Petitioner was sentenced to a total of 15 years imprisonment. In the instant federal habeas petition, Petitioner asserts one ground of ineffective assistance of trial counsel (containing three separate claims). (Doc. 1.) Respondent initially conceded that Petition was timely and argued that Petitioner's claims were procedurally barred and meritless. (Doc. 13.) Despite Respondent's concession of timeliness, a review of the state-court record indicated that the instant Petition is untimely. Accordingly, a show-cause order was issued March 14, 2012, directing Petitioner to show cause on or before April 13, 2012 why the petition should not be dismissed as untimely. (Doc. 19.) Respondent subsequently filed a Notice of Withdrawal of Concession of Timeliness. (Doc. 20.) To date, Petitioner has not responded to the Order to Show Cause. For the following reasons, it is recommended that the petition be dismissed.

## Background

Petitioner's original judgment of guilt pursuant to his *nolo contendre* plea was entered on September 11, 2006, and he did not appeal. (Respondent's Appendix Exhibit ("Exh.") A.)  Petitioner's conviction became final 30 days later, on October 11, 2006, when the time for filing for direct review expired.  Petitioner filed a motion for postconviction relief under rule Fla. R. Crim. P. 3.850 on October 11, 2007.  (*Id.*)  At that point, 365 days of the federal filing period had elapsed.  The state court denied relief on January 30, 2008.  Petitioner had until February 29, 2008 to appeal the denial of his 3.850 motion but did not appeal.  (*Id.*)  Thus, while these state court proceedings tolled the federal filing period, the tolling ceased on February 29, 2008, as did the one-year AEDPA limitations period.  On April 16, 2009, 412 days after the tolling period ceased and the federal filing period expired, Petitioner filed a petition for a belated appeal of the denial of his 3.850 motion.  (PD-2.)  On July 29, 2009, the First DCA granted Petitioner's motion for belated appeal.  *Glover v. State,* 14 So.3d 272 (Fla. 1st DCA 2009).  On November 16, 2009, the First DCA affirmed denial of Petitioner's 3.850 motion.  *Glover v. State,* 25 So.3d 1226 (Fla. 1st DCA 2009).  Petitioner provided the instant federal habeas petition to prison officials for mailing on January 13, 2010.  (Doc. 1.)  On January 28, 2010, the First DCA issued its mandate.  (Exh. C.)

## Discussion

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions.  The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of

the time for seeking such review[.]"   The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances."  28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).  The petitioner bears the burden of showing that equitable tolling is warranted.  *Drew v. Dept' of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002).

Implicit in both Petitioner's assertion of timeliness and Respondent's initial concession is the assumption that when Petitioner's belated appeal was granted, it related back to the timely filing period between January 30, 2008 and February 29, 2008, and the total time the limitations period was tolled was from October 11, 2007 to January 28, 2010.  If this assumption were true, the instant petition–filed on or about January 13, 2010–would appear to be timely.

However, the belated appeal of the 3.850 motion did not relate back, and was filed after the one-year AEDPA limitations period had expired.  Accordingly, the limitations period was <u>not</u> tolled for the 412-day period between February 29, 2008 and April 16, 2009.  This conclusion is supported by case law in the Eleventh Circuit.  In *McMillan v. Dep't of Corrections,* 257 Fed. Appx. 249 (11th Cir. 2007) (unpublished),[1] the court held that a habeas petitioner was not entitled to statutory tolling for the period between the date the state trial court's denial of his 3.850 motion became final and the date he filed a petition for belated appeal of that denial, even if the belated appeal was granted.  *See also Ilarion v. Dep't of Corrections,* 179 Fed. Appx. 653 (11th Cir. 2006)

---

[1]Although unpublished opinions are not binding on this Court, they are persuasive authority.  11th Cir. R. 36-2.

(unpublished); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (holding that a motion seeking a belated appeal of an order denying postconviction relief, which was filed after the expiration of the federal limitations period, does not relate back so as to toll the idle period between expiration of the time to appeal and grant of a late appeal).[2]

For the foregoing reasons it is respectfully **RECOMMENDED**:

That the Petition for Writ of Habeas Corpus (Doc. 1) should be **DISMISSED** with prejudice as untimely and a certificate of appealability be **DENIED.**

**IN CHAMBERS**  this 19th day of April 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


**<u>NOTICE TO THE PARTIES</u>**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[2]In the limited circumstances where a state court grants a criminal defendant the right to file a belated direct appeal before the defendant has first sought federal habeas relief, his judgment is not yet final for AEDPA purposes until the conclusion of the out of time direct appeal.  *Jimenez v. Quarterman,* 555 U.S. 113 (2009).  Neither § 2244(d)(2) or Supreme Court precedent extends this principle to belated appeals of collateral attacks.  *See McMillan, Moore, supra.*